UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
GIUSEPPE LAMENDULA,

                Plaintiff,

      -against-

NEW YORK CITY POLICE OFFICER LESLY
THEVENOT Tax ID # 939572 , NEW YORK
CITY POLICE DEPARTMENT, and
THE CITY OF NEW YORK

                Defendants.
----------------------------------------------------------x

CV 13   7006

Case number, Judge

Complaint

Jury Trial Demanded

BLOCK, J.

LEVY, M.J.

Plaintiff Giuseppe Lamendola, by his attorneys, Matthew J. Santamauro, P.C., allege:

Introduction

1. On December 10, 2010, Giuseppe Lamendula was operating his motor vehicle on Lenhart Street, a public street in Staten Island, New York.

2. At or about 11;00 PM, Mr. Lamendula parked his motor vehicle in front of 55 Lenhart Street, Staten Island, New York.

3. At or about 11:00 PM, Giuseppe Lamendula was approached by Defendant Police Officer Lesly Thevenot, Tax I.D. # 939572 (hereinafter referred to as "Thevenot") of the New York City Police Department (hereinafter referred to as "NYPD") after he exited his motor vehicle.

4. Giuseppe Lamendula was forcibly, wrongfully, and unlawfully detained and placed in handcuffs without reasonable suspicion or probable cause to do so. At that time, P.O. Thevenot placed the

handcuffs around the wrists and forearms of Giuseppe Lamendula unreasonably tightly, thereby causing injury to Giuseppe Lamendula.

5. Giuseppe Lamendula was wrongfully and unlawfully detained the scene and placed in a NYPD police vehicle.

6. Giuseppe Lamendula was wrongfully and unlawfully charged with Disorderly Conduct under New York Criminal Procedure Law section 240.20, a violation under the law.

7. On February 23, 2011, Giuseppe Lamendula was caused to appear in Court at the New York City Criminal Courthouse County of Richmond located at 67 Targee Street, Staten Island, New York. During the calendar call, the matter was heard and all charges were dismissed.

8. Plaintiff, Giuseppe Lamendula, alleges that P.O. Thevenot violated Lamendula's rights under the Fourth and Fourteenth Amendments by wrongfully and unlawfully seizing, detaining and charging Lamendula and by using excessive force against Lamendula thereby causing Lamendula to be physically injured. Plaintiff alleges that the NYPD was a moving force behind the violation because it lacked adequate policies, training, and supervision concerning handling situations where force might be used and handcuffs might be used and discriminating between situations where such force is appropriate or inappropriate and how to use handcuffs.

9. Plaintiff Giuseppe Lamendula further alleges pendent state law tort claims against P.O.  , the NYPD, and the City of New York for negligent

acts that created a dangerous condition that led to Lamendula's physical injuries.

JURISDISDICTION and VENUE

10. This action arises under 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the Constitutions of the United States, and under 18 U.S.C. 2520. This Court has jurisdiction over these federal claims under 28 U.S.C. 1331 and 1343.

11. The State causes of action alleged herein are so related to the Civil Rights claims that they form part of the same case or controversy under Article III of the United States Constitution. This court has jurisdiction over the state claims under 28 U.S.C. 1332(a)(1) and 1367.

12. Venue is properly laid in the Eastern District of New York under 28 U.S.C. 1391(b), in that it is the District in which the claim arose.

PARTIES

13. Plaintiff Giuseppe Lamendula was and is a citizen of the United States of America residing in Richmond County, Staten Island, New York State.

14. Upon information and belief, NYPD Police Officer Lesly Thevenot is a resident of County of New York, State of New York and an employee of the NYPD and the City of New York.

15. Defendant New York City Police Department is a public authority, organized under the laws of the State of New York.

16. The City of New York ("City") is a municipal corporation organized under the laws of State of New York.

CLAIMS FOR RELIEF

First Count – 42 U.S.C. 1983

17. On December 10, 2010, Giuseppe Lamendula was lawfully operating his motor vehicle on a public roadway.

18. Lamendula left the parking lot at 240 Page Avenue, Staten Island, New York and proceeded to drive to his residence at 55 Lenhart Street, Staten Island, New York.

19. 240 Page Avenue is approximately .5 miles away from 55 Lenhart Street.

20. Lamendula parked his motor vehicle in front of his residence at 55 Lenhart Street and exited his vehicle and began to walk up his driveway towards his residence. At this time he was ordered to halt and was detained by P.O. Thevenot of the NYPD.

21. Lamendula was then physically seized and unlawfully detained and placed in handcuffs by P.O. Thevenot of the NYPD. The handcuffs were applied extremely and unreasonably tight around Lamendula's wrists and forearms causing injury and pain to Lamendula., particularly to his right hand/wrist and arm. When Lamendula advised P.O. Thevenot of the physical pain that he was caused by the handcuffs, Lamendula was told that the handcuffs would not be adjusted. Lamendula persisted in his requests to P.O. Thevenot to

loosen the handcuffs. The handcuffs were never adjusted and Lamendula was placed in the Police vehicle. Lamendula was detained inside of the Police vehicle unlawfully and without probable cause and issued a summons to appear in New York City Criminal Court, Richmond County, charged with Disorderly Conduct pursuant to New York State Penal Code section 240.20.

22. All charges were dismissed against Lamendula on February 23, 2011.

23. Giuseppe Lamendula did not resist arrest and was not charged with Assault, Resisting Arrest or Objustruction of Governmental Administration.

24. P.O. Thevenot had no objectively reasonable purpose for grabbing, restraining or handcuffing Lamendula.

25. P.O. Thevenot's seizure and handcuffing Lamendula unreasonably tightly were proximate causes of Lamendula suffering serious physical injuries to his right hand/wrist and arm.

26. Lamendula had engaged in no action or behavior from which a reasonable person could conclude that he presented a danger to any police officer or any other person.

27. P.O. Thevenot's seizure and unreasonably tight handcuffing of Lamendula constituted an unreasonable and excessive use of force.

28. P.O. Thevenot's acts denied Lamendula his right to be free of excessive use of force, in violation of the Fourth and Fourteenth Amendments to the Constitution and 42 U.S.C. 1983.

SECOND COUNT- CIVIL RIGHTS LIABILITY OF THE NYPD AND THE CITY OF NEW YORK ("MUNICIPAL DEFENDANTS")

29. Plaintiff adopts by reference paragraphs 1 to 28 of this complaint.

30. Police officers who engage in law enforcement activity involving civilians, to a moral certainty will confront situations where they will need to make split-second decisions whether an individual presents a danger that warrants the use of physical force.

31. The split-second decision whether to use physical force can be a difficult decision, and there is a substantial risk that a police officer will incorrectly decide that the use of physical force is appropriate and necessary.

32. Receiving inadequate training in responding to situations potentially justifying the use of physical force, and engaging in insufficient ongoing practice is encountering those situations, creates a substantial risk that a police officer will incorrectly determine whether the use of physical force is justified.

33. The need to train police officers to respond to situations potentially involving the use of physical force is patently obvious.

34. Upon information and belief, the Municipal Defendants provide police officers with deficient training in responding to situations potentially involving the use of physical force.

35. Upon information and belief, P.O. Thevenot did not receive adequate training in recognizing and responding to situations potentially justifying the use of physical force.

36. Upon information and belief, P.O. Thevenot did not receive adequate training in the use of physical force to avoid using excessive physical force.

37. Upon information and belief, P.O. Thevenot did not receive adequate training in identifying situations which require the use of handcuffs.

38. Upon information and belief, P.O. Thevenot did not receive adequate training in the use of handcuffs to avoid causing physical injuries to individuals placed in handcuffs.

39. P.O. Thevenot's lack of adequate training or practice in recognizing and responding to situations potentially justifying the use of physical force, the use of appropriate physical force and the use of handcuffs was a moving force in his failure to appreciate that Lamendula presented no risk and that it was a mistake to seize Lamendula, handcuff him and use excessive force.

STATE LAW CLAIMS – NEGLIGENCE – PERSONAL INJURY

40. The Plaintiff adopts by reference paragraphs 1 to 36 of this complaint.

41. P.O. Thevenot negligently and recklessly used excessive force in seizing and detaining Giuseppe Lamendula.

42. P.O. Thevenot negligently, recklessly and excessively over-tightened the handcuffs around the wrists of Giuseppe Lamendula.

43. P.O. Thevenot caused serious physical, personal injuries to Giuseppe Lamendula by his use of excessive physical force and over-tightening handcuffs.

44. The negligence and recklessness of P.O. Thevenot in using excessive force and over-tightening the handcuffs around the wrists of Giuseppe Lamendula were proximate causes of the serious, physical, personal injuries sustained by Giuseppe Lamendula particularly those injuries sustained to the right hand/wrist and arm of Giuseppe Lamendula on December 10, 2010.

45. A well-developed body of law and regulation that imposes clear duties had developed around 42 U.S.C. 1983.

46. At all relevant times, P.O. Thevenot was employed by the NYPD and the City of New York and was acting within the scope of his duties.

47. The NYPD and the City of New York are vicariously liable for the actions of P.O.

## JURY DEMAND

48. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff hereby demand trial by jury in this action of all issues so triable.

## DEMAND FOR RELIEF

Plaintiff, Giuseppe Lamendula demands compensatory damages against all defendants, punitive damages against P.O. Lesly Thevenot, attorney's fees pursuant to 42 U.S.C. 1988 against P.O. Thevenot, the NYPD and the City of New York, and

costs against all defendants, together with such other and further relief as may seem just and proper.

Dated:    Staten Island, New York
          December 8, 2013

 

Matthew J. Santamauro, Esq.
Matthew J. Santamauro, P.C.
2550 Victory Blvd. Suite 306
Staten Island, NY 10314
(718)273-2092
(718)816-0718 (Fax)
msantamauro@aol.com

## VERIFICATION (Individual)

State of New York    )

County of Richmond)

I, the Giuseppe Lamendula, being duly sworn, depose and say: I am the plaintiff in the within action; I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

_____
Giuseppe Lamendula
G. LaMendula

Sworn to before me on  12-9-13

_____
NOTARY PUBLIC

MATTHEW J. SANTAMAURO
Notary Public, State of New York
No.: 02SA8085874
Qualified in Richmond County
My Commission Expires February 10, 2014